U.S. Magistrate Judge Michelle L. Peterson

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TRUNG Q. PHAN, <br><br> Defendant. | CASE NO.   MJ21-018 <br><br> COMPLAINT for VIOLATION <br><br> Title 18, U.S.C. Section 3146 |

BEFORE the Honorable Michelle L. Peterson, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

**(Failure to Appear)**

On or about September 9, 2017, at King County, Washington, within the Western District of Washington, the defendant, TRUNG Q. PHAN, having been released pursuant to chapter 207 of Title 18, United States Code, while awaiting surrender for service of sentence after conviction in the United States District Court of the Western District of Washington for a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846, a felony, in Case No. CR16-0089JCC, entitled *United States v. Phan*, and having agreed to surrender to the Bureau of Prisons Federal Detention Center

– SeaTac, in the Western District of Washington, did knowingly and willfully fail to surrender for service of sentence as ordered by the court.

All in violation of Title 18 United States Code, Section 3146(a)(2).

And the complainant states that this Complaint is based on the following information:

I, Jamel Warren, being first duly sworn on oath, depose and say:

## INTRODUCTION

1. I make this affidavit in support of this Complaint to obtain an arrest warrant for the person of TRUNG Q. PHAN for the crime of failing to appear to begin serving a sentence imposed by this Court, in violation of Title 18 United States Code, Section 3146(a)(2).

2. I am a Deputy United States Marshal and have been employed by the United States Marshals Service (USMS) Since 2017. In 2018, I was assigned to the USMS-sponsored Pacific Northwest Violent Offender Task Force (PNVOTF). I operate out of the United States Courthouse in Tacoma, Washington. My training has included attending the Criminal Investigators Training Program (CITP), Basic Deputy U.S. Marshal Training Program (BDUSM), and the Immigration and Customs Enforcement's Basic Immigration Training Program (BIETP) at the Federal Law Enforcement Training Center in Glynco, Georgia. I was previously employed by I.C.E. as a Deportation Officer, and member of Fugitive Operations, where we arrested Aliens who have absconded. I was also previously employed by the City of Tulsa as a Police Officer, in Oklahoma, where I investigated vehicle related fatalities. I have been the case agent for numerous fugitive cases. I have used various methods to conduct in-depth investigations to locate fugitives. I have received training and experience involving criminal investigations and electronic surveillance.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, United States Probation Officers and witnesses. This affidavit is intended to set forth the facts relevant to the

determination of probable cause for the requested warrant and does not set forth all my knowledge about this matter.

**SUMMARY OF PROBABLE CAUSE**

4. On or about March 30, 2016, defendant TRUNG Q. PHAN was charged by information with one count of *Conspiracy to Distribute Controlled Substances*, in violation of Title 18, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846, under Case No. CR16-089JCC. Dkt. # 1.

5. On or about April 7, 2016, PHAN had a combined initial appearance, arraignment and change of plea hearing before this Court. Dkt. # 2. PHAN plead guilty as charged pursuant to a written plea agreement. Dkt. # 2, 6. He was released on a written appearance bond. Dkt. # 2, 8.

6. That appearance bond included a pretrial supervision condition. At all times relevant herein, PHAN was supervised by U.S. Probation and Pretrial Services Officer Mark Okano.

7. PHAN's sentencing hearing was continued a number of times. On May 9, 2017, PHAN was sentenced to 48 months in custody and five years of supervised release, having been convicted of Conspiracy to Distribute Controlled Substances, in Violation of Title 21, United States Code, Section 841(b)(1)(B), and 846. Dkt. # 24, 25.

8. The judgment of conviction directed Phan to report to begin serving his sentence "as notified by the Probation or Pretrial Services Office."

9. On or about May 22, 2017, Officer Okano mailed a letter to PHAN directing him to report to begin serving his sentence at FCI Sheridan on or before June 15, 2017. The letter was copied to PHAN's defense counsel as well. The letter addressed directly to PHAN was returned as undeliverable. However, PHAN did receive actual notice of the June 15, 2017 report date, as he almost immediately requested to extend the date.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. Specifically, on May 25, 2017, The Honorable John C. Coughenour granted a request by the PHAN, through his defense counsel, to extend his self-surrender date to the Bureau of Prisons to September 9, 2017.

11. On or about September 5, 2017, United States Probation Officer Mark Okano spoke with PHAN by telephone. Officer Okano called in part to remind PHAN of his upcoming report date.

12. During that conversation, PHAN opted to self-surrender to the Federal Detention Center at SeaTac, Washington, within this District, to avoid the travel time and costs of reporting to FCI Sheridan, Oregon. During the call, PHAN confirmed to Officer Okano that he knew his self-surrender date was September 9, 2017.

13. However, PHAN failed to self-surrender to FDC SeaTac (or to FCI Sheridan for that matter) on the required date.

14. As of that date, PHAN also stopped responding to Officer Okano or any other member of the U.S. Probation/Pretrial Services Office, in violation of his appearance bond. Attempts to contact him by telephone were not responded to and revealed that his known cell phone number had been disconnected.

15. Officer Okano submitted a violation report and request for an arrest warrant for PHAN's non-compliance with his appearance bond on or about September 12, 2017, which was granted that same date. That warrant remains open.

16. In short, PHAN violated his terms of his Judgement dated May 9, 2017, by failing to self-surrender to the Bureau of Prisons and commence his term of imprisonment on September 9, 2017.

///

///

///

Based on the above facts, I respectfully submit that there is probable cause to believe that defendant TRUNG Q. PHAN did knowingly and intentionally Fail to Appear, in violation of Title 18, United States Code, Section 3146(a)(2).

Jamel Warren, Complainant
Deputy, United States Marshals' Service

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on 13th day of January 2021. Based on the foregoing, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

The Hon. Michelle L. Peterson
United States Magistrate Judge

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970